# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| JANICE MILLER, <br><br> Plaintiff, <br><br> v. <br><br> THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, <br><br> Defendant. | C.A. NO.: <br><br> NOTICE OF REMOVAL |

Defendant, The Prudential Insurance Company of America ("Prudential" or "Defendant"), by and through its attorneys, and pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, files this Notice of Removal with respect to the above-captioned case, which was filed and currently is pending in the Court of Common Pleas, County of Greenville, State of South Carolina, Case No. 2021-CP-23-03875. In support of its Notice of Removal, Prudential states as follows:

## Background and Timeliness

1. On August 13, 2021, Plaintiff, Janice Miller ("Plaintiff"), filed this lawsuit in the Court of Common Pleas, County of Greenville, State of South Carolina. The suit currently is pending and is recorded on the Court of Common Pleas docket as Case No. 2021-CP-2303875. Plaintiff seeks long term disability ("LTD") benefits that she alleges she is entitled to pursuant to an employee welfare benefit plan sponsored by Henry Schein, Inc., and which plan Plaintiff alleges is governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001, *et seq*.

2. On August 18, 2021, Plaintiff caused Prudential to be served with the Complaint. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of "all summons, pleadings, and orders" served in the state court action, are attached hereto, as Exhibit A.

3. Because Prudential has filed this Notice of Removal within thirty days of service, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

4. There are no other parties named in Plaintiff's Complaint.

## Federal Question Jurisdiction

5. In her complaint, Plaintiff states that Plaintiff's employer, Henry Schein, Inc., "established and/or maintained a policy of group insurance with [Prudential] in order to provide LTD benefits to its employees," that "Plaintiff Janice Miller was a participant in the [plan]" and that "Prudential is the insurer and claims administrator of the Plan." (*See* Ex. A, Complaint ¶¶ 1, 4, 5, 6.)

6. Plaintiff further alleges further "The Plan is governed by [ERISA] 29 U.S.C. § 1001," and that "[p]ursuant to 29 U.S.C. § 1132(e), this Court has jurisdiction over Plaintiff's claims." (*See* Ex. A, Complaint ¶¶ 8, 9.) Plaintiff seeks remedies pursuant to 29 U.S.C. § 1132(a)(1)(B) and 29 U.S.C. § 1132(g). (*See* Ex. A, Complaint ¶¶ 22 to 24 and Prayer for Relief.)

7. ERISA provides an exclusive federal cause of action for participants or beneficiaries in an ERISA plan who bring actions related to the recovery of benefits under employee benefit plans. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63 (1987); *Rush Prudential HMO Inc. v. Moran*, 536 U.S. 355 (2002).

8. Accordingly, Plaintiff's Complaint, on its face, alleges a claim for benefits brought pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(B), and thus alleges a claim under the laws of the

United States within the meaning of 28 U.S.C. § 1331. For this reason, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

9. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Thus, Plaintiff's lawsuit may be removed to this Court.

**Venue and Notice To The State Court**

10. Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 121(6), this Court embraces the Court of Common Pleas, County of Greenville, State of South Carolina. Accordingly, this Court is the appropriate venue for removal of this action. 28 U.S.C. § 1441(a).

11. Promptly upon the filing of this Notice of Removal, Prudential shall file a Notice of Filing of Notice of Removal, with a copy of the Notice of Removal, with the Court of Common Pleas, County of Greenville, South Carolina, and will serve a copy thereof on Plaintiff through her counsel pursuant to 28 U.S.C. § 1446(d).

12. Based on the foregoing, this Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331. Therefore, the Court properly may exercise jurisdiction over this lawsuit. 28 U.S.C. § 1441(a).

13. Should Plaintiff seek to remand this case to state court, Prudential respectfully requests that it be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides remand is proper, Prudential respectfully requests that the Court retain jurisdiction and allow Prudential to file a motion asking this Court

to certify any remand order for interlocutory review by the Fourth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

14. Prudential has complied with all statutory requirements for removal.

WHEREFORE, Prudential submits that this action properly is removable based on federal question jurisdiction and respectfully requests that the above-described action pending against it be removed to the United States District Court for the District of South Carolina, Greenville Division. Prudential further requests all other relief, at law or in equity, to which it justly is entitled.

Respectfully submitted,

*/s J. D. Quattlebaum*
J. D. Quattlebaum, Fed. ID No. 5252
HAYNSWORTH SINKLER BOYD, P.A.
One North Main Street, 2nd Floor (29601)
P.O. Box 2048
Greenville, SC 29602
864.240.3249
864.240.3300 (fax)

*ATTORNEYS FOR DEFENDANT*
*THE PRUDENTIAL INSURANCE*
*COMPANY OF AMERICA*

September 15, 2021